UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

IN RE:

Walter Frank Pigg
PO Box 805
North Myrtle Beach, SC 29597
SSN xxx-xx-7007

　　　　　　DEBTOR.

CASE NO: 19-03201-jw

CHAPTER 13

## NOTICE OF OPPORTUNITY TO OBJECT

The debtor(s) in the above captioned case filed a chapter 13 plan on July 8, 2019. The plan is included with this notice or was mailed separately.

**Your rights may be affected by the plan. You should read the plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

Any objection to confirmation of the chapter 13 plan must be in writing filed with the Court at 1100 Laurel Street, Columbia, SC 29201-2423 and served on the chapter 13 trustee, the debtor(s), and any attorney for the debtor(s) no later than 21 days after the service of the chapter 13 plan, as computed under Fed. R. Bankr. P. 9006(a). Objections to confirmation may be overruled if filed late or the objecting party fails to appear and prosecute the objection. If no objection is timely filed, the plan may be confirmed by the Court without further notice.

If you file an objection, you or your attorney must attend the hearing scheduled by the court on confirmation of the plan. Notice of the confirmation hearing is provided in section 9 of the Notice of Chapter 13 Bankruptcy Case. However, the Court may set an earlier status hearing on any objection upon notice to the applicable parties.

If you or your attorney do not take these steps, the court may determine that you do not oppose the terms or relief sought in the plan and may enter an order confirming the plan.

　　　　　　　　　　　　　　　　　　　　　　/s/ Elizabeth R. Heilig
　　　　　　　　　　　　　　　　　　Robert R. Meredith, Jr., D.C. ID #6152
　　　　　　　　　　　　　　　　　　Elizabeth R. Heilig, D.C. ID #10704
　　　　　　　　　　　　　　　　　　Meredith Law Firm, LLC
　　　　　　　　　　　　　　　　　　Attorneys for Debtor
　　　　　　　　　　　　　　　　　　2411 North Oak Street, Suite 107
Date:　7/8/2019　　　　　　　　　　　Myrtle Beach, SC 29577
　　　　　　　　　　　　　　　　　　843-445-6300

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | **Walter Frank Pigg** | | |
| | First Name    Middle Name    Last Name | | |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name    Middle Name    Last Name | | |
| United States Bankruptcy Court for the: | **DISTRICT OF SOUTH CAROLINA** | | |
| Case number: | **19-03201** | | |
| (If known) | | | |

☐ Check if this is a modified plan, and list below the sections of the plan that have been changed.

☐ Pre-confirmation modification
☐ Post-confirmation modification

District of South Carolina
## Chapter 13 Plan

5/19

### Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's local rules, and judicial rulings may not be confirmable.

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file a timely objection to confirmation. **To determine the deadline to object to this plan, you must consult the Notice of Bankruptcy Case or applicable Notice/Motion served with this plan.** The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan. Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |
| 1.4 | Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c) and in Part 8 | ☐ Included | ☑ Not Included |

### Part 2: Plan Payments and Length of Plan

**2.1** The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan.

Unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan, the debtor will make regular payments to the trustee as follows:

**$990.00** per **Month** for **60** months

The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan. The stipulation is effective upon filing with the Court.

Additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2** Regular payments to the trustee will be made from future income in the following manner:

☐ The debtor will make payments pursuant to a payroll deduction order.
☑ The debtor will make payments directly to the trustee.
☐ Other (specify method of payment):

| Debtor | Walter Frank Pigg | Case number | 19-03201 |

### 2.3 Income tax refunds.

- ☑ The debtor will retain any income tax refunds received during the plan term.
- ☐ The debtor will treat income refunds as follows:

### 2.4 Additional payments.

- ☑ **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

## Part 3: Treatment of Secured Claims

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as provided for in a confirmed plan. However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution. Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4). Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan. Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay. Secured creditors that will be paid directly by the debtor may continue sending standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

### 3.1 Maintenance of payments and cure or waiver of default, if any.

- ☑ **None.** If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

### 3.2 Request for valuation of security and modification of undersecured claims.

- ☐ **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.
  *The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

- ☑ The debtor requests that the Court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor states that the value of the secured claim should be as set out in the column headed *Estimated amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the Court after motion or claims objection filed after the governmental unit files its proof of claim or after the time for filing one has expired, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.
  The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5.1 of this plan. If the estimated amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5.1 of this plan. Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.
  Unless 11 U.S.C. § 1325(a)(5)(A) or (C) applies, holders of secured claims shall retain liens to the extent provided by section 1325(a)(5)(B)(i). Unless there is a non-filing co-debtor who continues to owe an obligation secured by the lien, any secured creditor paid the allowed secured claim provided for by this plan shall release its liens at the earliest of the time required by applicable state law, order of this Court, or thirty (30) days from the entry of the discharge.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Estimated amount of secured claim | Interest rate | Estimated monthly payment to creditor (disbursed by the trustee) |
|---|---|---|---|---|---|---|---|
| Honda Financial Services | $13,253.75 | 2016 Honda Accord | $12,700.00 | $0.00 | $12,700.00 | 6.25% | $259.00 (or more) |

| Debtor | Walter Frank Pigg | | | | Case number | 19-03201 | | |
|---|---|---|---|---|---|---|---|---|

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Estimated amount of secured claim | Interest rate | Estimated monthly payment to creditor (disbursed by the trustee) |
|---|---|---|---|---|---|---|---|
| South State Bank | $49,059.60 | 2010 Clayton Oakwood 28x40 Mobile Home | $26,194.00 | $0.00 | $26,194.00 | 6.25% | $533.00 (or more) |

3.3  Other secured claims excluded from 11 U.S.C. § 506 and not otherwise addressed herein.

    ☑ None. If "None" is checked, the rest of § 3.3 need not be completed or reproduced.

3.4  Lien avoidance.

    ☑ None. If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

3.5  Surrender of collateral.

    ☐ None. If "None" is checked, the rest of § 3.5 need not be completed or reproduced.
    ☑ The debtor elects to surrender the collateral that secures the claim of the creditor listed below. The debtor requests that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. A copy of this plan must be served on all co-debtors. Any creditor who has filed a timely proof of claim may file an amended proof of claim itemizing the deficiency resulting from the disposition of the collateral within a reasonable time after the surrender of the property. Any such amended claim, if allowed, will be treated in Part 5.1 below.

| Name of Creditor | Collateral |
|---|---|
| Charles and Donna Wharton | Condominium located at 920 Villa Drive North Myrtle Beach, SC 29582 |
| Green Capital Funding, LLC | Condominium located at 920 Villa Drive North Myrtle Beach, SC 29582 |
| Harley Davidson Credit | 2017 Harley Davidson FLSTFBS |
| TJ Properties, LLC | Condominium located at 920 Villa Drive North Myrtle Beach, SC 29582 |
| Robbers Roost Villas HOA | Condominium located at 920 Villa Drive North Myrtle Beach, SC 29582 |

**Part 4:  Treatment of Fees and Priority Claims**

4.1  General

The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

4.2  Trustee's fees

Trustee's fees are governed by statute and may change during the course of the case.

| Debtor | Walter Frank Pigg | Case number | 19-03201 |
|---|---|---|---|

**4.3** **Attorney's fees.**

    a.    The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case. Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with the Judge's guidelines to the attorney from the initial disbursement. Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of trustee fees, allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending pro se case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

    b.    If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $**N/A** and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $**N/A** or less.

**4.4** **Priority claims other than attorney's fees and those treated in § 4.5.**

The trustee shall pay all allowed pre-petition 11 U.S.C. § 507 priority claims, other than domestic support obligations treated below, on a *pro rata* basis. If funds are available, the trustee is authorized to pay any allowed priority claim without further amendment of the plan.

☐     **Domestic Support Claims**. 11 U.S.C. § 507(a)(1):

    a.    Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to (state name of DSO recipient), at the rate of $_____ or more per month until the balance, without interest, is paid in full. *Add additional creditors as needed.*

    b.    The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

    c.    Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations from property that is not property of the estate or with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

**4.5** **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

☑     **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

**Part 5:** **Treatment of Nonpriority Unsecured Claims**

**5.1** **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata by the trustee to the extent that funds are available after payment of all other allowed claims.

☑     The debtor estimates payments of less than 100% of claims.
☐     The debtor proposes payment of 100% of claims.
☐     The debtor proposes payment of 100% of claims plus interest at the rate of %.

**5.2** **Maintenance of payments and cure of any default on nonpriority unsecured claims.**

☑     **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3** **Other separately classified nonpriority unsecured claims.**

☑     **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

| Debtor | Walter Frank Pigg | Case number | 19-03201 |
|---|---|---|---|

### Part 6: Executory Contracts and Unexpired Leases

6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

☑ **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

### Part 7: Vesting of Property of the Estate

7.1 Property of the estate will vest in the debtor as stated below:

☑ Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing in the plan is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

☐ **Other.** The debtor is proposing a non-standard provision for vesting, which is set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

### Part 8: Nonstandard Plan Provisions

8.1 Check "None" or List Nonstandard Plan Provisions

☐ **None.** If "None" is checked, the rest of Part 8 need not be completed or reproduced.

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.*

8.1(a) The debtor reserves the right to seek loss mitigation or modification of the mortgage loan using the Loss Mitigation/Mortgage Modification Portal procedures described in Chambers Guidelines during the bankruptcy case, which may be effective upon subsequent approval by order of the Court.

8.1(b) Confirmation of this plan does not bar a party in interest from any actions discovered from the documentation, or lack thereof, in a proof of claim. The debtor specifically reserves any currently undiscovered or future claims, rights or cause of action the debtor may have, regarding any issues not specifically addressed or determined by the plan, against any creditor or other party in interest including, but not limited to, violations of applicable consumer protections codes and actions under 11 U.S.C. §§ 542, 543, 544, 547 and 548.

8.1(c) Confirmation of this plan may determine the character (secured, unsecured, or priority), amount, and timing of distribution of a creditor's claim regardless of the proof of claim filed. If a creditor objects to a claim's treatment under the plan, the creditor must timely object to confirmation.

8.1(d) DEBTOR CERTIFICATION

In connection with this plan, the debtor hereby states that he/she/they carefully reviewed this plan and understand the following:
(1) The obligations set forth in this plan, including the amount, method, and timing of payments made to the trustee and/or directly to creditors;
(2) The consequences of any default under this plan including any direct payments to creditors required by the terms of this plan; and
(3) That debtor may not agree to sell property, employ professionals, or incur debt (including modification of debt) during the term of the plan without the prior authorization of the Bankruptcy Court.

Debtor    **Walter Frank Pigg**    Case number    **19-03201**

## Part 9: Signatures:

### 9.1 Signatures of debtor and debtor attorney

X  /s/ Walter Frank Pigg         X  _____
   **Walter Frank Pigg**

   Executed on    7/8/2019          Executed on    _____


X  /s/ Elizabeth R. Heilig        Date    7/8/2019
   **Robert R. Meredith, Jr., D.C. ID#06152**
   **Elizabeth R. Heilig, D.C. ID#10704**
   **Meredith Law Firm, LLC**
   **2411 North Oak Street, Suite 107**
   **Myrtle Beach, SC 29577**
   **843-445-6300 (p)**
   **843-445-6304 (f)**


By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

IN RE:                                       )
                                             )
Walter Frank Pigg                            )     CASE NO: 19-03201-jw
PO Box 805                                   )
North Myrtle Beach, SC 29597                 )     CHAPTER 13
SSN xxx-xx-7007                              )
                                             )
                         DEBTOR.             )
_____)

CERTIFICATE OF SERVICE

The above-signing parties certify that the foregoing Notice, Plan and Motions was served on all creditors and parties in interest entitled to such notice on the above stated date. The specific list of names and addresses of parties served with this plan is attached to the plan filed with the Court.

**VIA US MAIL**
(see attached list)

**ELECTRONICALLY**
James M. Wyman, Esquire
Chapter 13 Trustee
PO Box 997
Mt. Pleasant, SC 29465-0997

Date: 7/9/19

Kristi Keen, Paralegal to
Robert R. Meredith, Jr., D.C. I.D. #06152
Elizabeth R. Heilig, D.C. I.D. #10704
Meredith Law Firm, LLC
Attorneys for Debtor
2411 North Oak Street, Suite 107
Myrtle Beach, SC 29577
843-445-6300

```
Label Matrix for local noticing          Ally Financial                           Ally Financial
0420-2                                    Attn: Bankruptcy                        Attn: Bankruptcy Dept
Case 19-03201-jw                          Po Box 380901                           Po Box 380901
District of South Carolina                Bloomington MN 55438-0901               Bloomington MN 55438-0901
Charleston
Mon Jul  8 17:35:54 EDT 2019

American Express                          American Express                        American Express National Bank, AENB
PO Box 98140                              PO Box 981540                           c/o Zwicker & Associates, P.C.
El Paso TX 79998                          El Paso, TX 79998-1540                  80 Minuteman Road
                                                                                  P.O. Box 9043
                                                                                  Andover, MA 01810-0943

(p)AMERICAN HONDA FINANCE                 (p)BB AND T                             BB&T Corporation
P O BOX 168088                            PO BOX 1847                             Attn: Bankruptcy
IRVING TX 75016-8088                      WILSON NC 27894-1847                    Po Box 1847
                                                                                  Wilson NC 27894-1847

(p)BMW FINANCIAL SERVICES                 BMW Financial Services NA, LLC, c/o AIS Port    Bank Of America
CUSTOMER SERVICE CENTER                   4515 N Santa Fe Ave. Dept. APS          4909 Savarese Circle
PO BOX 3608                               Oklahoma City, OK 73118-7901            F11-908-01-50
DUBLIN OH 43016-0306                                                              Tampa FL 33634-2413

(p)BANK OF AMERICA                        Barclays Bank Delaware                  Capital One
PO BOX 982238                             Attn: Correspondence                    Attn: Bankruptcy
EL PASO TX 79998-2238                     Po Box 8801                             Po Box 30285
                                          Wilmington DE 19899-8801                Salt Lake City UT 84130-0285

Capital One                               Capital One Bank (USA), N.A.            Cavalry Portfolio Services
Po Box 30253                              by American InfoSource as agent         Attn: Bankruptcy Department
Salt Lake City UT 84130-0253              PO Box 71083                            500 Summit Lake Ste 400
                                          Charlotte, NC  28272-1083               Valhalla NY 10595-2322

Cavalry SPV I, LLC                        Chase Card Services                     Citibank/Shell Oil
500 Summit Lake Drive, Ste 400            Attn: Bankruptcy                        Citibank Corp/Centralized Bankruptcy
Valhalla, NY 10595-2321                   Po Box 15298                            Po Box 790034
                                          Wilmington DE 19850-5298                Saint Louis MO 63179-0034

Crawford and Von Keller, LLC              Credit Collection Services              (p)DISCOVER FINANCIAL SERVICES LLC
PO Box 4216                               Attn: Bankruptcy                        PO BOX 3025
Columbia SC 29240-4216                    725 Canton St                           NEW ALBANY OH 43054-3025
                                          Norwood MA 02062-2679

East Coast Credit Union                   First Citizens Bank                     First Citizens Bank & Trust
155 Ochterloney Street, 3rd-4th Floor     Attn: Bankruptcy                        Attn: Bankruptcy
Dartmouth NS B2Y 1C9 Canada               100 E Tyron Rd                          100 E. Tyron Road
                                          Raleigh NC 27603-3581                   Raleigh, NC 27603-3581

First Citizens Bank-                      First Community Bank                    First Federal Charleston
Pob 1580                                  Po Box 989                              Po Box 118068
Roanoke VA 24007-1580                     Bluefield VA 24605-0989                 North Charleston SC 29423-8068
```

(p)FIRST CITIZENS BANK TRUST COMPANY
P O BOX 25187
RALEIGH NC 27611-5187

Fst Fed Svl
Po Box 118068
Charleston SC 29423-8068

Green Capital Funding, LLC
1000 Knapps Hwy, Apt. 27
Fairfield, CT 06825-4264


Harley Davidson Financial
Attn: Bankruptcy
Po Box 22048
Carson City NV 89721-2048

Elizabeth R Heilig
Meredith Law Firm, LLC
2411 N. Oak Street
Suite 107
Myrtle Beach, SC 29577-3165

Elizabeth R Heilig
Meredith Law Firm, LLC
4000 Faber Place Drive
Suite 120
N. Charleston, SC 29405-8585


Horry County Treasurer
PO Box 1828
Conway SC 29528-1828

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia PA 19101-7346

Merchants Adjustment Service
Attn: Bankruptcy
56 North Florida St
Mobile AL 36607-3108


Midland Funding
2365 Northside Dr Ste 300
San Diego CA 92108-2709

Northwest Federal Credit Union
PO Box 1229
Herndon VA 20172-1229

PRA Receivables Management, LLC
Synchrony Bank
PO Box 41021
Norfolk, VA 23541-1021


PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

Phoenix Financial Services. Llc
Attn: Bankruptcy
Po Box 361450
Indianapolis IN 46236-1450

Piedmont Advantage Credit Union
PO Box 9013
Addison, Texas 75001-9013


Piedmont Advantage Cu
3530 Advantage Way
Winston Salem NC 27103-5515

Walter Frank Pigg
PO Box 805
North Myrtle Beach, SC 29597-0805

SC Department of Revenue
PO Box 12265
Columbia SC 29211-2265


Santander Consumer USA
Attn: Bankruptcy
Po Box 961245
Fort Worth TX 76161-0244

South State Bank
PO Box 118068
Charleston SC 29423-8068

Southwest Credit Systems
4120 International Parkway
Suite 1100
Carrollton TX 75007-1958


Syncb/Rooms To Go
Attn: Bankruptcy
Po Box 965060
Orlando FL 32896-5060

Synchrony Bank
Attn: Bankruptcy
Po Box 965060
Orlando FL 32896-5060

Synchrony Bank/Amazon
Attn: Bankruptcy
Po Box 965060
Orlando FL 32896-5060


Synchrony Bank/Care Credit
Attn: Bankruptcy Dept
Po Box 965060
Orlando FL 32896-5060

Synchrony Bank/PayPal Cr
Attn: Bankruptcy Dept
Po Box 965060
Orlando FL 32896-5060

Synchrony Bank/Sams
Attn: Bankruptcy
Po Box 965060
Orlando FL 32896-5060


Synchrony Bank/Walmart
Attn: Bankruptcy
Po Box 965060
Orlando FL 32896-5060

US Trustee's Office
Strom Thurmond Federal Building
1835 Assembly Street
Suite 953
Columbia, SC 29201-2448

Ward and Smith, PA
PO Box 33009
Raleigh NC 27636-3009

James M. Wyman  
PO Box 997  
Mount Pleasant, SC 29465-0997

Yamaha Financial Services  
Attn: Bankruptcy  
6555 Katella Ave  
Cypress CA 90630-5101

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

American Honda Finance  
Attn: Bankruptcy  
Po Box 168088  
Irving TX 75016

(d)American Honda Finance Corporation  
National Bankruptcy Center  
P.O. Box 168088  
Irving, TX 75016-8088

BB&T  
In Care of Bankruptcy Dept  
Po Box 1847  
Wilson NC 27894

BMW Financial Services NA, LLC  
P.O. Box 3608  
Dublin, OH 43016

Bank Of America  
Attn: Bankruptcy  
Po Box 982238  
El Paso TX 79998

(d)Bb&T  
Attn: Bankruptcy  
Po Box 1847  
Wilson NC 27894

(d)Bmw Financial Services  
Attn: Bankruptcy Department  
Po Box 3608  
Dublin OH 43016

Discover Financial  
Attn: Bankruptcy Department  
Po Box 15316  
Wilmington DE 19850

First-Citizens Bank & Trust Company  
Attn: Bankruptcy Department  
PO Box 25187  
Raleigh, NC 27611-5187

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Piedmont Advantage Cu  
3530 Advantage Way  
Winston-Salem, NC 27103-5515

End of Label Matrix  
Mailable recipients    61  
Bypassed recipients     1  
Total                  62